## EVANS vs. NASH.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The plaintiff states that on the 1st of May, 1823, he subscribed a twelve months bond, as the surety of Peters, a debtor in execution of the present defendant, at a sheriff's sale. That on the 3d of June in the following year, execution issued on said bond against Peters, and the plaintiff, his surety, and afterwards Peters died. That the said bond, on which the execution has issued, was not returned, as it ought to have been, into the clerk's office, with the original execution against Peters, till one year after it was taken, and ought to have been returned; and the execution against Peters and the plaintiff has issued, not on the demand of the present defendant, but on that of S. Buhler, the sheriff; that the plaintiff is holder, as assignee, of two promissory notes of the defendant for $680 each, either of which exceeds the amount of the plaintiff's bond; and the plaintiff has requested the defendant to subrogate him to his right against the estate of Peters and pay him the balance due, which he utterly refuses to do. The petitioner prayed an

East'n. District.
*June* 1825.

EVANS
*vs.*
NASH.

The surety on a twelve months bond cannot be released on the ground that the sheriff neglected to file the bond with the execution.

EVANS.
vs.
NASH.

injunction against the execution in the sheriff's hands, and judgment for the balance due him after payment of the bond, interests and costs, and that he may be subrogated, &c. The injunction issued.

The general issue was pleaded; on the hearing the injunction was dissolved, and there was judgment against the plaintiff for costs; he appealed.

The statement of facts shews that the plaintiff introduced a letter of Guerlain, the signature of whom was duly proved, the execution against Peters, and his and the plaintiff's bond, with an endorsement thereon by the clerk, stating the time of its being filed, the execution on the twelve months bond, and the execution docket, shewing it issued on the demand of the sheriff. A witness deposed he heard that Peters died in New-Orleans, and the printer of Baton-Rouge swore he had published his death, in the gazette of that town, from a New-Orleans paper.

The sheriff deposed he called for the last execution, at the present defendant's request, having his directions for the appropriation of the proceeds.

East'n. District,
*June* 1825.

EVANS
*vs.*
NASH.

Guerlain's letter states the death of Peters a nephew of his wife, who died at his house.

The plaintiff gave no evidence of the notes of the defendant, alleged to be in his possession, which alone justified his application for an injunction.

The circumstance of the sheriff having neglected to file the bond with the original execution, till one year after the date of the bond, was correctly considered by the district judge, as well as the death of the principal as affording no relief to the present plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Christy* for the plaintiff, *Preston* for the defendant.